26776. PHELPS *v.* POLLARD, receiver.

</div>

<div align="center">

Decided April 26, 1938.

</div>

*Olin Hammock,* for plaintiff.

*H. A. Wilkinson, H. W. Johnson, J. W. Harris,* for defendant.

Guerry, J. This is the second appearance of this case in this court. See, *Pollard* v. *Phelps,* 56 *Ga. App.* 408 (193 S. E. 102). The court there held that the plaintiff's petition set forth a cause of action, as against general demurrer, for the wilful and wanton mutilation of the body of plaintiff's husband by the defendant, but further held that the verdict rendered in favor of the plaintiff was not supported by any evidence, in that was not shown that the defendant wilfully and wantonly committed the acts complained of. Upon the second trial (the subject of the present writ of error), the evidence for the plaintiff was substantially the same as that introduced on the former trial, with the sole exception of certain additional testimony of the witness, Mrs. Phillips, to the effect that on the morning the mutilated body of the plaintiff's hus-

band was found strewn along the tracks of the defendant for several hundred yards, she found a piece of a bloody shirt and a piece of bloody underwear, about ——— inches from the end of the crossties at the point where the servants of the defendant were seen by her to have examined something about the wheels of the engine while it was stopped at Pachitla station, the night before; and that she also found a sack of tobacco just inside the rail at that point. She further testified in this connection that she did not see the servants of the defendant take the articles found by her off of the engine, and that she did not know how these articles came to be at this point. She did not attempt to testify that the servants of the defendant did actually see the articles which she found, and her testimony does not indicate the size of the pieces of clothing found, or that one walking at that point at night examining the engine with a lantern, who had no reason to believe that the train had run over a human being, must necessarily have seen the articles. Even so, we do not think this would be sufficient, under the circumstances, to charge the servants of the defendant with knowledge that their train had immediately before run over a human being, and to show that they were guilty of wilful and wanton misconduct in failing then and there to make a search for the body, or warn the servants of the defendant company thereof, so as to prevent further mutilation of the body by trains passing that point thereafter. The evidence is hardly sufficient to authorize a finding that the servants of the defendant were guilty of simple negligence in the acts complained of. The additional evidence did not substantially change the case as it last appeared before this court. The material allegations of the petition were therefore not made out by the evidence, and the trial judge was correct in awarding a nonsuit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*